MARCIA TORRES MALDONADO, Plaintiff and Appellant, v. ANTONIO FERNÁNDEZ MÉNDEZ ET AL., Defendants and Appellees.

No. 6344.  Argued November 14, 1934.—Decided December 24, 1934.

*Angel A. Vázquez* for appellant. *Bolívar Pagán* for appellee Fernández Méndez.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

Antonio Fernández Méndez, who had a mortgage credit against Higinio Pastoriza and María Cruz, brought a personal action to recover his mortgage credit and, in order to secure any judgment to be rendered, attached on September 18, 1930, the same property that had been mortgaged to him and which, although at the time of the attachment appeared of record in the name of his mortgagors, had been transferred by the latter to plaintiff Marcia Torres Maldonado by public deed dated May 15, 1929. The mortgage deed was executed on July 26, 1928, and recorded on August 28 of the same year in the registry of property.

On June 3, 1931, Marcia Torres Maldonado, as the purchaser of the property, brought an action in intervention against Antonio Fernández Méndez, Higinio Pastoriza and María Cruz, praying for the cancellation of the attachment and acknowledgment of her ownership title to the realty in question.

In his answer the defendant alleged that the mortgagors had full ownership of the property attached at the time the attachment was levied and denied that the plaintiff was at that time the owner of the said property. It was further alleged in the answer that the action brought by the plaintiff was nothing else than a collusion to defraud the defendant of the sum of $6,000 in cash which he lent to Higinio Pastoriza and María Cruz secured by a mortgage upon the property subject of the present litigation.

The lower court dismissed the complaint on the ground that the transfer of the property to the plaintiff is presumed

to have been made without consideration as no purchase price was delivered in the presence of the notary and because it considered that the sale of the immovable, which was recorded subsequent to the attachment, was false and simulated.

Although there are several errors assigned as having been committed by the lower court, we will confine ourselves to a determination of the main question raised by the appellant when attacking the decision of the lower court in refusing to strike out from the answer the allegation describing the action brought by the plaintiff as a collusion to defraud defendant Antonio Fernández Méndez. According to the evidence the mortgage executed in favor of the defendant-appellant was duly recorded in the registry of property. The sale of mortgaged real property is a transaction authorized by law. The mortgagee need not view with concern the transfer of such property. His rights are fully secured by the record of his mortgage in the registry of property. Maybe the sale of the immovable to the defendant (sic) was simulated, as found by the lower court; but the mortgagee, unless he has been prejudiced by the simulation, is not entitled, in our opinion, to procure from the court a pronouncement invalidating a transaction by which he is not at all injured. This is a question to be settled later on by the contracting parties or by any third party that might have been prejudiced by reason of the contract held to be simulated. Furthermore, no fraudulent attempt can possibly be inferred from the sale of the property, because no mortgagee who has recorded his mortgage in the registry of property can possibly be defrauded by the fact that the immovable mortgaged has changed hands. He who alleges simulation in a contract must show his interest in order to be allowed to establish his title. The defense set up by the defendant-appellee should have been stricken out because the alleged collusion can not possibly be inferred from the sale of the immovable.

■■ A mortgage is merely an ancillary contract which can not exist without the existence of a main obligation whose performance is secured thereby. The mortgagee is not bound to avail himself of such security to enforce his credit if he does not want to do so. As stated by us in *Fernández* v. *Luyando*, 46 P.R.R. 664, a mortgagee can forgo his mortgage security and judicially enforce his credit by means of a personal action. This is what Antonio Fernández Méndez, the mortgagee and defendant-appellant, did. Instead of availing himself of the summary proceeding of the Mortgage Law or of foreclosing the mortgage in the usual way so as to hold the encumbered property subject to the payment of his credit, he forwent the security, brought a purely personal action of debt, and, in order to secure the judgment, attached the very property which secured his credit, when it had already become the property of a third party. The fact that the said immovable did not appear of record in the name of the plaintiff when the attachment was levied does not prevent the said plaintiff from exercising her ownership rights, nor does it empower the defendant to attach the said property without first instituting a real action to recover on his mortgage credit and giving the owner thereof an opportunity to defend as a party to the action. The attachment was levied on September 18, 1930. The plaintiff registered her title on October 2 of the same year. The mortgagee, having had notice from the registry that the property had been sold to a third party, could have brought the proper action to enforce his credit upon the immovable mortgaged. The law affords a mortgagee full protection enabling him to hold the security until the obligation is discharged. If, having forgone such security, he can not enforce his obligation upon the thing mortgaged, he is the victim of his own acts and therefore has no ground for complaining.

For the foregoing reasons the judgment appealed from must be reversed and another rendered in lieu thereof declaring that plaintiff Marcia Torres Maldonado is the owner

of the property described in the complaint and ordering the cancellation of the attachment levied in the registry of property as requested by the defendant (sic), without special pronouncement as to costs and without prejudice of the right of the defendant to prosecute the proper real action with the intervention of all the parties in interest to enforce upon the property mortgaged the obligation executed in his favor.